IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON MCGEHEE, *et al.*, | § | |
|    *Plaintiffs*, | § | |
| | § | Case No. 4:18-mc-01546 |
| v. | § | |
| | § | Related to E.D. Ark. Case |
| TEXAS DEPARTMENT OF | § | No. 4:17-CV-00179-KGB |
| CRIMINAL JUSTICE, | § | |
|    *Defendant*. | § | |

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S DISPOSITIVE MOTION TO DISMISS PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

# EXHIBIT 1
Subpoena to Produce

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Arkansas

| | |
|---|---|
| JASON McGEHEE, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:17-cv-00179-KGB |
| | ) |
| ASA HUTCHINSON, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Texas Department of Criminal Justice Headquarters
2 Financial Plaza, Suite #600, Huntsville, TX 77340

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: FISH & RICHARDSON P.C. | Date and Time: |
|---|---|
| 1221 McKinney Street, Suite 2800 | 03/15/2018 5:00 pm |
| Houston, TX 77010 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/15/2018

*CLERK OF COURT*

OR

/s/ Joseph B. Warden

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
_____, who issues or requests this subpoena, are:

Joseph Warden, Fish & Richardson, 222 Delaware Ave,17th Fl., Wilmington, DE19801, Warden@fr.com (302-778-8424)

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

RECEIVED FEB 22 2018

AO 88B (Rev 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:17-cv-00179-KGB

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☐ I served the subpoena by delivering a copy to the named person as follows:

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## DEFINITIONS

As used herein, the terms defined shall be construed as follows:

1. "Defendants" shall mean and Asa Hutchinson, Governor of the State of Arkansas, in his official capacity, and Wendy Kelley, Director, Arkansas Department of Correction, in her official capacity, and each of his/her/their current and/or former employees, agents, attorneys, representatives, or any others acting, or purporting to act, on his/her/their behalf, as well as any successor(s) or predecessor(s).

2. The words "You," "Your," and "Texas" refer to the State of Texas, the Texas Department of Criminal Justice, and any other departments of correction in the State of Texas (including any and all equivalents), and any and all employees, agents, contractors, officers, directors, agents, attorneys, consultants, and others acting, or purporting to act, on its behalf.

3. The term "Document" or "Documents" means any document, electronically stored information, or tangible thing within the context of Fed. R. Civ. P. 45, as used in the broadest sense permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence, within Your possession, custody or control or within the possession, custody or control of any of Your officers, directors, employees, attorneys, or other agents and/or representatives.

4. The term "Thing(s)" is used in the broadest sense to include all requested tangible things contemplated by Rule 45 of the Federal Rules of Civil Procedure.

5. "Communication" means any transmission of information, including every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information of any nature whatsoever, by or to whomever, whether oral or written, whether face-to-face or by telephone, mail, personal delivery or otherwise, and including letters, correspondence,

1

conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements and other understandings.

6. "State" or "Any State" when used as a noun shall mean any of the 50 states that comprise the United States of America and Washington D.C., and any territory of the United States, and their respective departments of correction (or equivalent); and any federal agency such as the Department of Justice and the Department of Health and Human Services and any departments or sub-agencies thereof, such as the federal Bureau of Prisons and the federal Drug Enforcement Agency. This includes each of their respective present and former officers, directors, agents, employees, attorneys, and others acting, or purporting to act, on their behalf.

7. "Drug" is defined broadly and includes any chemical, biological, or other substance that has any physiological effect when injected, ingested, or otherwise introduced into the body.

8. "Execution" is not limited to the moment of execution but includes the entire process of conducting an execution, including the planning, preparation, carrying out, conclusion, and review of the execution.

9. "Executioner" means any person who is in the execution chamber or in the room from which the Drugs are delivered after intravenous access to the condemned has been established. The term also includes any person who directs such persons remotely after intravenous access to the condemned has been established.

10. "Condemned Prisoner," "Condemned Inmate," or similar phrase means a person under a death sentence whose death the Defendants (acting individually, separately or through agents) intends to cause by executing him or her.

11. "Protocol" or "Execution Protocol" means Texas's policies, regulations, instructions, lists, descriptions of steps to be undertaken, guidelines, recommendations,

suggestions, or procedures relating to the preparation for, rehearsal for, conduct of, practice for, or execution of Condemned Inmates by lethal injection.

12. "Supplier" means any Person, business, or other entity from which pentobarbital or any other barbiturate or any other execution Drug is obtained.

13. The definitions used herein are chosen for clarification and the convenience of the parties, and should not be construed as admissions.

14. For purposes of these requests, terms not specifically defined shall be given their ordinary meaning. If You are unable to understand the meaning of any term, You should immediately seek clarification through Your counsel.

## INSTRUCTIONS

The following instructions are applicable to these requests:

1. Each paragraph below operates and should be construed as operating independently and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

2. In answering these discovery requests, responsive materials and information are those materials and information that are in your possession, custody or control. Fed. R. Civ. P. 45. That is not merely such information as you personally know of or information from your own personal knowledge or materials in your actual physical possession. Materials and information that are in your "possession, custody or control" include all materials and information to which you have the legal right, authority, or ability to obtain upon demand. *See* Wright & Miller, Fed. Prac. & Proc. Civ. § 2210 (3d ed.)

3. Prior to answering these discovery requests, you must make a thorough and diligent search of all your books, records, files and other papers and materials in your possession, custody or control in an effort to obtain and elicit all responsive information and documents.

3

4. With respect to each and every document, communication or other materials encompassed by these requests that you contend is subject to claims of attorney-client privilege or work-product or is otherwise privileged, protected or immune from production, and to the production of which you therefore object, state the following along with your objection:

   a. the type of document involved, e.g., letter, memorandum, telegram, chart, photograph, sound recording or reproduction, computer file, etc.;

   b. the date the document was prepared;

   c. the names of the author(s), and all recipients and addresses of the document or any copies;

   d. the name(s) of the person(s) now in possession of the item;

   e. a brief description of the subject matter of the document or communication, and a summary of the information, document, or communication subject to the claimed privilege, and produce those portions of the information, document, or communication not subject to the claimed privilege; and

   f. the basis and nature of the privilege or objection being asserted as to each claim.

5. If claiming that a document is protected from discovery under a protective order, provide the information listed above using a pseudonym for each entity claiming protection under the statute and provide a date on which that entity applied for that protection.

6. If you are withholding Documents under any state or federal secrecy statute, regulation, or policy, you must state the grounds on which you are withholding the document and provide a privilege log, including the date of the Document, the recipients of the Document, the author of the Document, and a brief description of the grounds on which you are withholding said Document.

## DOCUMENT REQUESTS

Please produce the following Documents, Communications and Things that are in your possession, custody, or control:

4

1. All Documents, Communications, and Things arising from or related in any way to Texas's efforts to obtain pentobarbital or any other barbiturates for use in Executions in Texas, including but not limited to information about Texas's current supply of pentobarbital or other barbiturates, when Texas expects to obtain additional pentobarbital or other barbiturates, and the source(s) of pentobarbital or other barbiturates.

2. All Documents, Communications, and Things concerning or created in connection with Executions in Texas. This includes but is not limited to:

   a. Documents containing any Execution Protocol;

   b. any Documents, Communications, or Things showing the contents of the Drug box for the subject executions;

   c. any Documents, Communications, or Things obtained from an independent testing laboratory;

   d. package inserts and labels for the Drugs used in the subject executions;

   e. any Documents, Communications, or Things showing the identity of the Drugs and dosages thereof injected into each of the Condemned Prisoners, and the specific timing of each such injection;

   f. any Documents, Communications, or Things showing the specific timing, location on the body, and any other information Related to attempted and successful insertion of IVs (including peripheral and central lines), for use in an Execution, at any point prior to injection of the drugs, including any records showing how many and what attempts were made to achieve IV access for purposes of Execution;

g. any photographs, images, diagrams, video, and any other renderings of the execution chamber, execution gurney, restraints applied to the inmate, any material covering the inmate during the execution, and the subject executions themselves;

h. any data or image demonstrating the size and volume of the syringes used to inject the execution drugs and saline;

i. any data or image demonstrating the gauge/size, outside diameter (OD), inside diameter (ID), volume and length of the IV tubing running from the mechanism at which the lethal drugs are injected into the IV tubing to the point of insertion into the Condemned Prisoner;

j. any records or other data showing the identities and amounts of any Drugs disposed of after the Execution, as well as the method of disposal;

k. any autopsy report, any "bench notes," dictated notes or other such informal notes created during the course of any autopsy of any of the inmates listed below, and any other reports or data produced or created, and any other autopsy report, bench or other informal notes, and test results from any tests of blood, fluid, or tissue or other matter collected from any of the inmates in the subject executions, whether pursuant to the court preservation order cited above or otherwise;

l. any other event logs, timelines, drug administration records, and any memoranda, reports or drafts thereof (preliminary and final), test results or other data, and any exhibits or attachments thereto, concerning or created in connection with the Executions; and

m. any Communications or records of Communications regarding or otherwise related to the Executions.

3. Documents sufficient to identify Texas's current inventory or possession of pentobarbital, other barbiturates, or other execution Drugs. This includes but is not limited to:

   a. package inserts and labels for the execution Drugs currently in Texas's possession, custody, or control;

   b. Documents showing the identity of the drugs and dosages thereof; and

   c. Documents showing the expiration dates of the execution Drugs.

4. All Documents, Communications, and Things Related to any Supplier of pentobarbital or any other barbiturate, including but not limited to Communications Related to the availability of pentobarbital or other barbiturates for use in Executions; Documents, Communications, or Things identifying Suppliers of pentobarbital or other barbiturates; Documents, Communications, or Things Related to any Supplier's present, past, or future willingness to supply pentobarbital or other barbiturates to any State for use in any Execution.

5. All Communications between You and Defendants regarding any execution Drugs.

6. All Communications between You and Defendants regarding any Executions.

7. All Communications between You and Any State regarding any execution Drugs.

8. All Communications between You and Any State regarding any Executions.